**UNITED STATES of America, Plaintiff,**

v.

**W. R. GRACE, Alan R. Stringer, Henry A. Eschenbach, Jack W. Wolter, William J. McCaig, Robert J. Bettacchi, O. Mario Favorito, Robert C. Walsh, Defendants.**

**No. CR 05–07–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

April 25, 2006.

Angelo J. Calfo, Michelle K. Peterson, Yarmuth Wilsdon Calfo, Seattle, WA, Michael F. Bailey, Bailey & Antenor, William A. Duerk, Michael J. Milodragovich, Milodragovich Dale Steinbrenner & Binney, Missoula, MT, David S. Krakoff, Gary A. Winters, Mark Holscher, Mayer Brown Rowe Maw LLP, Stephen A. Klein, Spriggs & Hollingsworth, Stephen R. Spivack, Bradley Arant Rose & White, Washington, DC, Ronald F. Waterman, Gough Shanahan Johnson & Waterman, Palmer A. Hoovestal, Hoovestal Kakuk & Fanning, Aimee M. Grmoljez, Catherine A. Laughner, Browning Kaleczyc Berry & Hoven, Helena, MT, Jeremy Maltby, O'Melveny & Myers, Los Angeles, CA, Elizabeth Van Doren Gray, Sowell Gray Stepp & Lafitte, Columbia, SC, William A. Coates, Roe Cassidy Coates & Price, Greenville, SC, David E. Roth, Bradley Arant Rose & White LLP, Birminham, AL, for Defendants.

### ORDER

MOLLOY, Chief Judge.

### I. Introduction

Defendant W.R. Grace has filed a motion on behalf of all Defendants for a limited stay of these proceedings during the pendency of the government's interlocutory appeal. The motion is based on the Defendants' conclusion that this Court has by the government's appeal been divested of jurisdiction over the discovery process. The Defendants alternatively seek an order preventing government experts Dr. Alan C. Whitehouse and Dr. James E. Lockey from relying in their testimony upon documentation not yet disclosed to the defense. The Defendants contend that the government's failure to timely disclose the underlying data warrants sanctions in the form of an order precluding government experts from relying upon the information. The United States responded to the motion by agreeing to produce the materials sought by the defense, but in all other respects opposes the motion. The Defendants are wrong on both propositions. An interlocutory attempt at appeal does not divest a district court of jurisdiction. To hold otherwise would be an invitation to ever more tactical machinations.

### II. Background

By Order dated December 5, 2005, this Court limited the government's presentation at trial to more than three times the needed witness list by preventing the government from making further additions to its witness list and forbidding the government's experts from relying upon documents or studies that were not, as of December 5, 2005, produced or subject to an order requiring disclosure. The Order also required the United States to supplement its expert disclosures by January 13, 2006. It was issued in response to the government's failure to meet its discovery obligations. The government filed a motion for leave to file a motion to reconsider the December 5, 2005 Order, which was denied on February 17, 2006. In denying the motion for leave, the Court explained that the government would remain free to call rebuttal witnesses and cooperating defendants that do not appear on its witness list, and that the government's experts would be free to rely on undisclosed documents in preparing rebuttal disclosures.

Among the supplemental disclosures filed by the government on January 13, 2006 were those of Dr. Alan C. Whitehouse and Dr.

James E. Lockey. Dr. Whitehouse's supplemental disclosure revealed that his opinions are to a significant degree based upon his treatment of "over 550 patients from Libby and elsewhere" and his review of the records for those patients. Whitehouse Supp. Disc. Ex. B at 4. The disclosure states, "[T]he government and Dr. Whitehouse will make these medical records available for review by the defendants at a mutually convenient time and location." Whitehouse Supp. Disc. at 3.[1] More than two months later, a representative for Dr. Whitehouse informed the Defendants that Dr. Whitehouse would not allow review of the 550 patient files without a court order. The United States sent a letter to defense counsel the same day saying that the government was unable to secure production of the records and that the Defendants are not entitled to them under the rules of discovery.

Dr. Lockey's disclosure refers to a "Follow Up Study" to a 1980 study by Dr. Lockey, but does not contain any of the data underlying that study. In response to the Defendants' request for the data underlying the Follow Up Study, the government stated that it did not possess the data and therefore could not facilitate its production.

Now the United States has appealed the December 5, 2005 Order limiting its presentation at trial. That appeal remains pending. The Defendants want the case to be stayed pending appeal. They argue that the Court has no jurisdiction over discovery issues while the appeal is pending and that the government's incomplete disclosures make it impossible for the Defendants to issue their reciprocal disclosures by the April 30, 2006 deadline. Should the Court refuse the motion to stay, the Defendants want the testimony of Dr. Whitehouse and Dr. Lockey excluded at trial as a sanction pursuant to Rule 16(d)(2), Fed.R.Crim.P. Neither request is granted.

## III. Analysis

### A. Motion for stay pending appeal

#### 1. Jurisdiction

■ An interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). The Defendants argue that they cannot be required to provide reciprocal discovery until the appeal is decided. They note that their reciprocal obligation under Rule 16(b)(1) is contingent on the government's compliance with its own discovery obligations. The Defendants state that their disclosure must wait until after the appeal is decided because the appeal has "place[d] the question of whether the Government's Rule 16(a)(1)(G) production is complete squarely before the Court of Appeals...." Def.'s Br. at 7. I disagree.

■ As the Defendants acknowledge elsewhere in their Brief, the United States has not appealed any order requiring disclosure or refused to comply with an order compelling production. The Notice of Appeal limits the issues to questions of what proof the government may present at trial.[2] This Court retains jurisdiction to decide the issues raised by the Defendants' motion.

#### 2. The Defendants' compliance with impending deadlines

The Defendants cite as another basis for their requested stay the fact that the current pretrial schedule requires them to complete expert disclosures and motions in limine before they are aware of the content of the government's expert disclosures.[3] This ap-

---

1. In its response brief, the United States contends that it stated in the Whitehouse disclosure that "it would seek to make available the medical records for the 550 patients referred to in the disclosure." Govt.'s Resp. Br. at 9. The quotation above shows that the government spoke with less equivocation than it recalls.

2. *See* Notice of Appeal dated March 16, 2006 ("Specifically the United States appeals the district court's order denying the government's motion for reconsideration; the order prohibiting

the government from calling any trial witnesses who have not been identified as of the date of the December 5 Order; and the order prohibiting any government expert from relying upon documents other than those either already produced or currently subject to an order of the district court requiring production.").

3. The deadline for the Defendants' reciprocal disclosures is April 30, 2006. Motions in limine are due May 31, 2006.

pears to be an issue that can resolved without resorting to a stay of the proceedings. The undisclosed material at issue is the data underlying the opinions of Dr. Whitehouse and Dr. Lockey. It is necessary to give the Defendants an extension of time in which to make their reciprocal disclosures of expert testimony directly related to the Whitehouse and Lockey disclosures, and an extension of time in which to file motions in limine with respect to the testimony of Dr. Whitehouse and Dr. Lockey only.

### 3. Disruption of the orderly progression of this case

The Defendants' final argument in support of their motion for a stay is that moving forward with the discovery process during the pendency of the appeal would "disrupt the orderly progression of the case." That is not a significant concern. While all counsel seem intent on disrupting the orderly progression of the case, it is not going to happen. The primary cause of disruption in the orderly progression of this case continues to be the parties' refusal to act reasonably during this discovery process. This case will go to trial on September 11, 2006. Any suspension of the proceedings will only provide the parties with more time to manufacture points of contention. The motion for a limited stay is denied.[4]

The government's improvident appeal about witnesses and opinions will cause delay in trial preparation. If granted and more witnesses are added then more time will be required for preparation, a time when more witnesses can be discovered and added, so the process, like Zeno's Paradox, is never complete.

### B. Motion to exclude testimony of Dr. Whitehouse and Dr. Lockey

In its response to the Defendants' motion to stay, the United States says that it will make available to the Defendants both the 550 sets of medical records underlying Dr. Whitehouse's testimony and the data underlying the Follow Up Study relied upon by Dr. Lockey. The government does so begrudgingly, however, implying that the Court has exceeded the bounds of the "possession and control" test articulated in its earlier Order dated November 23, 2005. *See United States v. Grace, et al.*, 401 F.Supp.2d 1093 (D.Mont. 2005). The government ignores the distinction between Rule 16(a)(1)(E) and Rule 16(a)(1)(G). If the government has arranged for expert testimony which it intends to use to incriminate the Defendants, it cannot then claim that the data underlying the testimony, while in the control of the expert, is not in control of the government. It is unreasonable to expect an expert to testify for the government but claim that the materials supporting his opinions are for the government's eyes only. That is not to say that the government must, as in the Rule 16(a)(1)(E) context, produce the material sought. But the government must make a choice: It can present expert testimony and disclose the data underlying that testimony, or it can withhold the underlying data and do without the testimony based on the data. The government has chosen the former. That being the case, I strongly suggest … or to make it clear … order the government to fish or cut bait on this issue.

In light of the government's capitulation, the Defendants, unwilling to fully abandon the opportunity for tactical advantage presented by the government's waffling, have softened their request for sanctions. No longer seeking complete exclusion of the testimony of Dr. Whitehouse and Dr. Lockey, the Defendants now ask that each be precluded from relying upon the information the government has agreed to disclose.

■ The relief requested is punitive. The Defendants argue that exclusion is necessary to convey to the government the importance of complying with discovery. They state that they "can no longer afford to race to the

---

4. The Defendants filed a second motion for a limited stay (Doc. No. 393) on April 21, 2006. The Defendants complain about the government's recently disclosed updated air sampling results and analysis. They want expedited briefing and to hold oral argument over the telephone. These requests are also denied. There will be no phone conference. The Defendants should proceed with their disclosure of experts relating to air sampling on April 30, 2006. The issue of the admissibility of the government's new disclosure will be decided after briefing on the motion has been completed in the ordinary course of business.

court every time the Government conceals material information." Def.'s Reply Br. at 5.[5] The government's announcement that it will provide discovery of the materials at issue here is not so untimely that it shows bad faith.

The Defendants have 30 days from the date of completion of the government's disclosure of the Whitehouse and Lockey materials in which to offer reciprocal disclosures on the issues discussed in the Whitehouse and Lockey disclosures, and 45 days from the date of completion in which to file motions in limine relating to the Whitehouse and Lockey disclosures.[6] All Whitehouse medical records disclosed must be complete save for the permissible redactions discussed in the Court's Order dated April 6, 2006 (Doc. No. 381). The government must provide detailed certification of compliance to the Court upon completion of the Whitehouse and Lockey disclosures. The certification shall occur on or before May 15, 2006. In all other respects, the Scheduling Order dated March 15, 2005, as modified by Order dated December 5, 2005, remains in effect.

## IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that the Defendants' Motion for a Limited Stay or in the Alternative to Exclude the Testimony of Dr. Whitehouse and Dr. Lockey (Doc. No. 378) is DENIED.

IT IS FURTHER ORDERED:

(1) The government shall complete the full disclosure of the medical records underlying Dr. Whitehouse's testimony and the data underlying the Follow Up Study upon which Dr. Lockey relies before noon on May 15, 2006.

(2) The medical records disclosed shall be complete save for the permissible redactions listed in the Court's Order dated April 6, 2006 (Doc. No. 381).

(3) The government shall file a detailed certification to the Court certifying the completeness of the records disclosed and stating the date upon which disclo-

sure became complete. Any objections to the government's certification must be made in writing within 48 hours of the filing of the certification.

(4) The Defendants shall have 30 days from the date of completion certified by the government in which to offer reciprocal disclosures on the issues discussed in the Whitehouse and Lockey disclosures.

(5) The Defendants shall have 45 days from the date of completion certified by the government in which to file motions in limine relating to the Whitehouse and Lockey disclosures.

5. Much of the inconvenience and disruption is likely due to the fact that the Defendants have established a pattern of repeatedly "racing to the court" whether the government has committed a discovery violation or not. *See, e.g.,* Defendants' Motion to Compel Further Production of Rough

Interview Notes (Doc. No. 326), denied by Order dated April 25, 2006 (Doc. No. 394).

6. The Defendants' requests for extensions of two and three months, respectively, are unreasonable.